IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

        Plaintiff,

vs.                              Case No. 15-4957-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

    Plaintiff filed his complaint on November 2, 2015 (Doc. 1). Defendant filed a timely motion to dismiss on February 12, 2016 (Doc. 19). Plaintiff filed his third motion for default judgment on February 19, 2016 (Doc. 20). Both motions have been fully briefed by the parties.

    Defendant seeks dismissal of the case because of their allegation that plaintiff failed to exhaust administrative remedies. The court will therefore set forth the relevant timeline in this case.

>    November 8, 2011: Plaintiff filed an application for child disability benefits (Doc. 19-1 at 2,7).
>
>    September 3, 2015: Administrative Law Judge (ALJ) Michael D. Shilling issued a decision denying plaintiff child disability benefits (Doc. 19-1 at 4-12).

1

> October 14, 2015:  Plaintiff filed a request for review of ALJ decision to the Appeals Council (Doc. 19-1 at 18).  The request is currently pending administrative action at the Appeals Council (Doc. 19-1 at 3).

The court would note that plaintiff is proceeding pro se. A pro se litigant's materials are entitled to a liberal reading, and consequently, the court will make some allowances for the pro se litigant's failure to cite proper legal authority, their confusion of various legal theories, their poor syntax and sentence construction, or their unfamiliarity with pleading requirements, but the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.  <u>Weaver v. Astrue</u>, 353 Fed. Appx. 151, 154 (10th Cir. Nov. 18, 2009).

42 U.S.C. § 405(g) provides that a party may obtain judicial review in federal district court of any "final decision" of the Commissioner after a hearing.  The term "final decision" is left undefined by the Social Security Act and its meaning is to be fleshed out by the Commissioner's regulations. <u>Weinberger v. Salfi</u>, 422 U.S. 749, 766, 95 S. Ct. 2457, 2467 (1975).

The administrative review process in Social Security disability cases is set forth in 20 C.F.R. §§ 404.900 and 416.1400:

(a) Explanation of the administrative review process. This subpart explains the procedures we follow in determining your rights under title II/XVI of the Social Security Act. The regulations describe the process of administrative review and explain your right to judicial review after you have taken all the necessary administrative steps… The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order:

(1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 404.902/416.1402, that gives you a right to further review.

(2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.

(3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

(4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

(5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

(6) Expedited appeals process. At some time after your initial determination has been

> reviewed, if you have no dispute with our findings of fact and our application and interpretation of the controlling laws, but you believe that a part of the law is unconstitutional, you may use the expedited appeals process. This process permits you to go directly to a Federal district court so that the constitutional issue may be resolved.

The regulation concerning judicial review is as follows:

> (a) General. A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner. A claimant may also obtain judicial review of a reconsidered determination, or of a decision of an administrative law judge, where, under the expedited appeals procedure, further administrative review is waived by agreement under §§ 404.926, 410.629d, or 416.1426 of this chapter or 42 CFR 405.718a-e as appropriate.

20 C.F.R. § 422.210(a).  See Bowen v. City of New York, 476 U.S. 467, 471-472, 106 S. Ct. 2022, 2025-2026 (1986).

The court's sole jurisdictional basis in social security cases arises from 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Commissioner. Brandtner v. Dep't of Health and Human Services, 150 F.3d 1306, 1307 (10th Cir. 1998).  The above regulations make clear that federal court review can only be sought after the Appeals Council has denied the request for review, or a decision by the

4

Appeals Council when that is the final decision of the Commissioner.

The record in this case is clear that plaintiff's case is pending before the Appeals Council. The ALJ issued his decision on September 3, 2015, and on October 14, 2015, plaintiff filed for a request for review of the ALJ decision to the Appeals Council, where it is presently pending. Plaintiff does not dispute these facts. The record is clear that no final decision has been issued by the Commissioner. Because there has been no final decision in this case, this court lacks jurisdiction to hear the case.

The requirement that the administrative remedies be exhausted and a final decision obtained is waivable when a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate. Bowen v. City of New York, 476 U.S. 482-483, 106 S. Ct. 2022, 2031 (1986). This is so when 3 requirements have been met: (1) plaintiff asserts a colorable constitutional claim that is collateral to the substantive claim of entitlement, (2) exhaustion would result in irreparable harm, and (3) exhaustion would be futile. Harline v. Drug Enforcement Administration, 148 F.3d 1199, 1203 (10th 1998); Koerpel v. Heckler, 797 F.2d 858, 862 (10th Cir. 1986). On the other hand, if a claimant alleges a mere deviation from the applicable regulations in his

or her particular administrative proceeding, such individual errors are, in the normal course, fully correctable upon subsequent administrative review since the claimant on appeal will alert the agency to the alleged deviation.  Because of the agency's expertise in administering its own regulations, the agency ordinarily should be given the opportunity to review application of those regulations to a particular factual context.  <u>Bowen</u>, 476 U.S. at 484-485, 106 S. Ct. at 2032.

Plaintiff filed this action less than one month after seeking Appeals Council review of the ALJ decision, and the matter is pending before the Appeals Council.  Plaintiff has failed to establish the requirements needed to waive exhaustion of administrative remedies: a colorable constitutional claim, exhaustion resulting in irreparable harm, and exhaustion being futile.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. 19) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment (Doc. 20) is denied.

A copy of this order shall be mailed to plaintiff.

Dated this 5th day of April 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge